(Official Form 1) (12/03) West Group, Rochester, NY

| FORM B1 | United States Bankruptcy Court | Voluntary Petition |
|---|---|---|
| | **NORTHERN** District of **ILLINOIS** | |

| Name of Debtor   (if individual, enter Last, First, Middle):<br>*Thanos, Gustave, Andrew* | Name of Joint Debtor   (Spouse)(Last, First, Middle):<br>*Thanos, Kathleen Marie* |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>*NONE* | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>*NONE* |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.<br>(if more than one, state all)*4297* | Last four digits of Soc. Sec. No./Compete EIN or other Tax I.D. No.<br>(if more than one, state all)*1619* |
| Street Address of Debtor   (No. & Street, City, State & Zip Code):<br>*9436 South Trumbull Ave*<br>*Evergreen Park IL   60805* | Street Address of Joint Debtor   (No. & Street, City, State & Zip Code):<br>*9436 South Trumbull Ave*<br>*Evergreen Park IL   60805* |
| County of Residence or of the<br>Principal Place of Business:   *Cook* | County of Residence or of the<br>Principal Place of Business:   *Cook* |
| Mailing Address of Debtor   (if different from street address):<br>*SAME* | Mailing Address of Joint Debtor   (if different from street address):<br>*SAME* |
| Location of Principal Assets of Business Debtor<br>(If different from street address above): *NOT APPLICABLE* | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue**   (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor**   (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed**   (Check one box) |
|---|---|---|
| ☒ Individual(s)   ☐ Railroad | | ☐ Chapter 7   ☐ Chapter 11   ☒ Chapter 13 |
| ☐ Corporation   ☐ Stockbroker | | ☐ Chapter 9   ☐ Chapter 12 |
| ☐ Partnership   ☐ Commodity Broker | | ☐ Sec. 304 - Case ancillary to foreign proceeding |
| ☐ Other _____   ☐ Clearing Bank | | |

| **Nature of Debts**   (Check one box) | **Filing Fee**   (Check one box) |
|---|---|
| ☒ Consumer/Non-Business   ☐ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business**   (Check all boxes that apply) | ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | certifying that the debtor is unable to pay fee except in installments. |
| ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | Rule 1006(b). See Official Form No. 3. |

| **Statistical/Administrative Information**   (Estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors. | |
| ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

(Official Form 1) (12/03) West Group, Rochester, NY

# Voluntary Petition
*(This page must be completed and filed in every case)*

**Name of Debtor(s):**
*Gustave Andrew Thanos and*
*Kathleen Marie Thanos*

**FORM B1, Page 2**

## Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| *NONE* | | |

## Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| *NONE* | | |

| District: | Relationship: | Judge: |
|---|---|---|
| | | |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** */s/ Gustave Andrew Thanos*
Signature of Debtor

**X** */s/ Kathleen Marie Thanos*
Signature of Joint Debtor

Telephone Number (if not represented by attorney)

*7/29/2005*
Date

### Signature of Attorney

**X** */s/ Joseph J. Cardinal*
Signature of Attorney for Debtor(s)

*Joseph J. Cardinal 3126014*
Printed Name of Attorney for Debtor(s)

*Joseph J Cardinal*
Firm Name

*3960 W 95th Street*
Address

*Floor 2*

*Evergreen Park IL   60805*

*708-423-3838          7/29/2005*
Telephone Number                Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)

☐ Exhibit A is attached and made a part of this petition

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

**X** */s/ Joseph J. Cardinal       7/29/2005*
Signature of Attorney for Debtor(s)        Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health and safety?

☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

_____

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

**X** _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

FORM B6A (6/90) West Group, Rochester, NY

In re _Gustave Andrew Thanos and Kathleen Marie Thanos_____ / Debtor      Case No._____

(if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.
If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| _Single Family Residence Used As Homestead_ _9436 S Trumbull Avenue_ _Evergreen Park, IL  60805_ | | J | $ 210,000.00 | $ 111,000.00 |
| | | **TOTAL $** | _210,000.00_ | |

No continuation sheets attached

**(Report also on Summary of Schedules.)**

In re _Gustave Andrew Thanos and Kathleen Marie Thanos_                              / Debtor                Case No. _____

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified by the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | _Cash on Hand_ <br> _Location: In debtor's possession_ | | $ 100.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | _Evergreen Community Bank Checking Acct #1497480_ <br> _Location: In debtor's possession_ | | $ 75.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | _Household Goods and Furnishings_ <br> _Location: In debtor's possession_ | | $ 750.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | _Necessary Wearing Apparel_ <br> _Location: In debtor's possession_ | | $ 500.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |

In re _Gustave Andrew Thanos and Kathleen Marie Thanos_                    / Debtor    Case No. _____

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts Receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | 1994 Suburban Location: In debtor's possession | J | $ 3,000.00 |
| | | 1998 Chevy Blazer - financed Location: In debtor's possession | J | $ 5,000.00 |
| | | 1999 Tahoe Location: In debtor's possession | | $ 9,500.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |

FORM B6B (10/89) West Group, Rochester, NY

In re _Gustave Andrew Thanos and Kathleen Marie Thanos_                    / Debtor          Case No. _____

                                                                                                                              (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

Total ➡         $ 18,925.00

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

In re _Gustave Andrew Thanos and Kathleen Marie Thanos_    / Debtor        Case No. _____

(if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b) (1):  Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b) (2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| _Single Family Residence Used As Homestead_ | _735 ILCS 5/12-901_ | _$ 15,000.00_ | _$ 210,000.00_ |
| _Cash on Hand_ | _735 ILCS 5/12-1001(b)_ | _$ 100.00_ | _$ 100.00_ |
| _Evergreen Community Bank Checking Acct #1497480_ | _735 ILCS 5/12-1001(b)_ | _$ 75.00_ | _$ 75.00_ |
| _Household Goods and Furnishings_ | _735 ILCS 5/12-1001(b)_ | _$ 750.00_ | _$ 750.00_ |
| _Necessary Wearing Apparel_ | _735 ILCS 5/12-1001(a)_ | _$ 500.00_ | _$ 500.00_ |
| _1994 Suburban_ | _735 ILCS 5/12-1001(c)_ _735 ILCS 5/12-1001(b)_ | _$ 2,400.00_ _$ 600.00_ | _$ 3,000.00_ |
| _1999 Tahoe_ | _735 ILCS 5/12-1001(b)_ | _$ 2,475.00_ | _$ 9,500.00_ |

FORM B6D (12/03) West Group, Rochester, NY

In re *Gustave Andrew Thanos and Kathleen Marie Thanos* _____ / Debtor    Case No. _____
                                                                                                    (if known)

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column marked "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien<br><br>H--Husband<br>W--Wife<br>J--Joint<br>C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No: *4297*<br><br>*Creditor # : 1*<br>*Bank One*<br>*PO Box 260161*<br>*Baton Rouge LA 70826-0161* | J | *Second Mortgage*<br><br><br>Value: *$ 210,000.00* | | | | *$ 28,000.00* | *$ 0.00* |
| Account No: *4297*<br><br>*Creditor # : 2*<br>*Charter One Mortgage*<br>*PO Box 6260*<br>*Glen Allen VA 23058-6260* | J | *First Mortgage*<br><br><br>Value: *$ 210,000.00* | | | | *$ 83,000.00* | *$ 0.00* |
| Account No: *6629*<br><br>*Creditor # : 3*<br>*GMAC Credit Center*<br>*PO Box 217060*<br>*Auburn Hills MI 48321* | J | *Vehicle financing - 1998 Chevy*<br><br><br>Value: *$ 5,000.00* | | | | *$ 5,000.00* | *$ 0.00* |
| Account No:<br><br><br> | | <br><br>Value: | | | | | |

No continuation sheets attached

Subtotal $ ..... *116,000.00*
(Total of this page)

Total $ ..... *116,000.00*
(Use only on last page. Report total also on Summary of Schedules)

FORM B6E (4/04) West Group, Rochester, NY

In re _Gustave Andrew Thanos and Kathleen Marie Thanos_____ / Debtor        Case No._____

(if known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance or Support**
Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

No continuation sheets attached

FORM B6F (12/03) West Group, Rochester, NY

In re _Gustave Andrew Thanos and Kathleen Marie Thanos_____ / Debtor        Case No._____
                                                                                                              (if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three  columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:    *5808* <br> *Creditor # : 1* <br> *Arrow Financial Serv/JCPenney* <br> *5996 W Touhy* <br> *Niles IL 60714* | J | *Miscellaneous Charges* | | | | $ 1,303.00 |
| Account No:    *5808* <br> *Creditor # : 2* <br> *Arrow Financial Serv/Target* <br> *5996 W Touhy* <br> *Niles IL 60714* | J | *Miscellaneous Charges* | | | | $ 389.00 |
| Account No:    *2101* <br> *Creditor # : 3* <br> *Arrow Fincl Serv/Capital One* <br> *5996 W Touhy* <br> *Niles IL 60714* | J | *Miscellaneous Purchases* | | | | $ 1,133.00 |
| Account No:    *7099* <br> *Creditor # : 4* <br> *Capital One/Northern Gr* <br> *PO Box 390857* <br> *Edina MN 55439* | J | *Miscellaneous Purchases* | | | | $ 770.00 |

_4_ continuation sheets attached

Subtotal $        *3,595.00*
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re _Gustave Andrew Thanos and Kathleen Marie Thanos_____ / Debtor     Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: _1619_ <br> Creditor # : 5 <br> CB Accts - Dept Rev <br> Dept 0092, PO Box 25 <br> Arrowsmith IL 61722-0025 | J | Miscellaneous Charges <br> 2000, 2001 | | | | $ 11,349.00 |
| Account No: _9270_ <br> Creditor # : 6 <br> Chicago Dept of Revenue <br> PO Box 88292 <br> Chicago IL 60680 | J | Miscellaneous Expense | | | | $ 1,550.00 |
| Account No: _1619_ <br> Creditor # : 7 <br> Christopher Orthodontics, LTD <br> 9644 S Pulaski <br> Oak Lawn IL 60453 | J | Dental Bill | | | | $ 400.00 |
| Account No: _3001_ <br> Creditor # : 8 <br> Com Ed <br> Bill Payment Center <br> Chicago IL 60668-0002 | J | Utility Bills | | | | $ 123.00 |
| Account No: _0337_ <br> Creditor # : 9 <br> Eagle Credit Resources, LLC <br> 1800 S Baltimore <br> Third Floor <br> Tulsa OK 74119 | J | Miscellaneous Expense | | | | $ 15,194.00 |
| Account No: _0320_ <br> Creditor # : 10 <br> Evergreen Park Water Utility <br> 9418 S Kedzie <br> Evergreen Park IL 60805 | J | Utility Bills | | | | $ 136.00 |

Sheet No. _1_ of _4_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $ _28,752.00_
(Total of this page)

Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re _Gustave Andrew Thanos and Kathleen Marie Thanos_ / Debtor    Case No. _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| | | H--Husband W--Wife J--Joint C--Community | | | | | |
| Account No:   6629<br>Creditor # : 11<br>GMAC Credit Center<br>PO Box 9001952<br>Louisville KY 40290-1952 | J | | Miscellaneous Expense | | | | $ 213.00 |
| Account No:   7256<br>Creditor # : 12<br>HSBC Bank USA, NA<br>95 Washington St, 2S<br>Buffalo NY 14203 | J | | Miscellaneous Expense | | | | $ 7,593.00 |
| Account No:   1619<br>Creditor # : 13<br>ICS Pymt and Corr Unit<br>Illinois Department of Revenue<br>PO Box 19043<br>Springfield IL 62794-9043 | J | | State Taxes | | | | $ 9,551.00 |
| Account No:   1619<br>Creditor # : 14<br>Internal Revenue Service<br>Payment Center<br>Cincinnati OH 45999-0030 | J | | Miscellaneous Expense<br>2000, 2001 | | | | $ 2,752.00 |
| Account No:   1619<br>Creditor # : 15<br>Kirschner Group<br>5451 West 159th Street<br>Oak Forest IL 60452 | J | | Miscellaneous Charges | | | | $ 630.00 |
| Account No:   3282<br>Creditor # : 16<br>Laborer's Health Welfare<br>c/o Patrick Wallace, Atty<br>53 West Jackson, Ste 660<br>Chicago IL 60604 | J | | Judgment<br>#02C3282 | | | | $ 4,800.00 |

Sheet No.   2   of   4   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $ (Total of this page)    25,539.00

Total $ (Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re <u>Gustave Andrew Thanos and Kathleen Marie Thanos</u> / Debtor     Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| | | H--Husband<br>W--Wife<br>J--Joint<br>C--Community | | | | | |
| Account No:   2805<br><br>*Creditor # : 17*<br>*MCI/GC Serv*<br>*PO Box 2667*<br>*Houston TX 77252* | J | *Telephone Expenses* | | | | | $ 470.00 |
| Account No:   3226<br><br>*Creditor # : 18*<br>*NES/Sears*<br>*29125 Solon Road*<br>*Solon OH 44139* | J | *Miscellaneous Charges* | | | | | $ 4,333.00 |
| Account No:   0310<br><br>*Creditor # : 19*<br>*Nicor Gas*<br>*PO Box 310*<br>*Aurora IL 60507-0310* | J | *Utility Bills* | | | | | $ 718.00 |
| Account No:   5606<br><br>*Creditor # : 20*<br>*Sprint*<br>*PO Box 6419*<br>*Carol Stream IL 60197-6419* | J | *Telephone Expenses* | | | | | $ 235.00 |
| Account No:   0044<br><br>*Creditor # : 21*<br>*US First Star/Blatt,Hasemiller*<br>*125 South Wacker Dr, Ste 4000*<br>*Chicago IL 60606* | J | *Miscellaneous Charges* | | | | | $ 7,943.00 |
| Account No:   7563<br><br>*Creditor # : 22*<br>*Village of Evergreen Park/ICS*<br>*PO Box 646*<br>*Oak Lawn IL 60454* | J | *Miscellaneous Expense* | | | | | $ 2,750.00 |

Sheet No.   3   of   4   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $     16,449.00
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re  _Gustave Andrew Thanos and Kathleen Marie Thanos_    / Debtor    Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   2520<br>Creditor # : 23<br>Village of Oak Lawn/ICS<br>PO Box 646<br>Oak Lawn IL 60454 | | J | Miscellaneous Expense | | | | $ 250.00 |
| Account No:   1619<br>Creditor # : 24<br>Windy City Basketball Club<br>4401 West Ogden<br>Chicago IL 60623 | | J | Miscellaneous Expense | | | | $ 475.00 |
| Account No:   1H9Z<br>Creditor # : 25<br>World Financial/NCO<br>507 Prudential Rd<br>Horsham PA 19044 | | J | Miscellaneous Charges | | | | $ 505.00 |
| Account No:   8915<br>Creditor # : 26<br>World Fincl/Victoria Secret<br>PO Box 182071<br>Columbus OH 43218-2071 | | J | Miscellaneous Purchases | | | | $ 505.00 |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No.   4   of   4   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal $ (Total of this page) | 1,735.00 |
| Total $ (Report total also on Summary of Schedules) | 76,070.00 |

FORM B6G (10/89) West Group, Rochester, NY

In re _Gustave Andrew Thanos and Kathleen Marie Thanos_                    / Debtor          Case No. _____

                                                                                                    (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of
    creditors.

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
|  |  |

FORM B6H (6/90) West Group, Rochester, NY

In re *Gustave Andrew Thanos and Kathleen Marie Thanos* _____ / Debtor      Case No. _____
                                                                                                            (if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
|  |  |

FORM B6I (12/03) West Group, Rochester, NY

In re _Gustave Andrew Thanos and Kathleen Marie Thanos_ _____ / Debtor    Case No. _____

(if known)

# SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status:<br>_Married_ | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP<br>_Daughter_<br>_Son_ | AGE<br>_22_<br>_14_ |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | _Supervisor/Laborer_ | _Bank Worker_ |
| Name of Employer | _LVI_ | _Evergreen Comm Bank_ |
| How Long Employed | _1 yr_ | _3 months_ |
| Address of Employer | _621 East Wildwood Ave_<br>_Villa Park IL  60181_ | _3842 W 95th Street_<br>_Evergreen Park IL   60805_ |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ _4,000.00_ | $ _1,900.00_ |
| Estimated Monthly Overtime | $ _0.00_ | $ _0.00_ |
| SUBTOTAL | $ _4,000.00_ | $ _1,900.00_ |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll Taxes and Social Security | $ _1,250.00_ | $ _300.00_ |
| b. Insurance | $ _0.00_ | $ _0.00_ |
| c. Union Dues | $ _0.00_ | $ _0.00_ |
| d. Other  (Specify): | $ _0.00_ | $ _0.00_ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ _1,250.00_ | $ _300.00_ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ _2,750.00_ | $ _1,600.00_ |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ _0.00_ | $ _0.00_ |
| Income from Real Property | $ _0.00_ | $ _0.00_ |
| Interest and dividends | $ _0.00_ | $ _0.00_ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ _0.00_ | $ _0.00_ |
| Social Security or other government assistance<br>Specify: | $ _0.00_ | $ _0.00_ |
| Pension or retirement income | $ _0.00_ | $ _0.00_ |
| Other monthly income<br>Specify: | $ _0.00_ | $ _0.00_ |
| TOTAL MONTHLY INCOME | $ _2,750.00_ | $ _1,600.00_ |

TOTAL COMBINED MONTHLY INCOME    $    _4,350.00_

(Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

FORM B6J (6/90) West Group, Rochester, NY

In re _Gustave Andrew Thanos and Kathleen Marie Thanos_____ / Debtor        Case No. _____

(if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 1,175.00 |
| Are real estate taxes included?        Yes ☒    No ☐ | |
| Is property insurance included?        Yes ☒    No ☐ | |
| Utilities: Electricity and heating fuel | $ 450.00 |
|     Water and sewer | $ 75.00 |
|     Telephone | $ 150.00 |
|     Other | $ 0.00 |
|     Other | $ 0.00 |
|     Other | $ 0.00 |
| Home maintenance (Repairs and upkeep) | $ 0.00 |
| Food | $ 500.00 |
| Clothing | $ 100.00 |
| Laundry and dry cleaning | $ 100.00 |
| Medical and dental expenses | $ 100.00 |
| Transportation (not including car payments) | $ 450.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 0.00 |
| Charitable contributions | $ 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
|     Homeowner's or renter's | $ 0.00 |
|     Life | $ 0.00 |
|     Health | $ 0.00 |
|     Auto | $ 100.00 |
|     Other | $ 0.00 |
|     Other | $ 0.00 |
|     Other | $ 0.00 |
| Taxes (not deducted from wages or included in home mortgage) | |
| Specify: | $ 0.00 |
| Installment payments: (in chapter 12 and 13 cases, do not list payments to be included in the plan) | |
|     Auto | $ 0.00 |
|     Other: _Second Mortgage_ | $ 300.00 |
|     Other: | $ 0.00 |
|     Other: | $ 0.00 |
| Alimony, maintenance, and support paid to others | $ 0.00 |
| Payments for support of additional dependents not living at your home | $ 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| Other: | $ 0.00 |
| Other: | $ 0.00 |
| Other: | $ 0.00 |
| TOTAL MONTHLY EXPENSES        (Report also on Summary of Schedules) | $ 3,500.00 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---:|
| A. Total projected monthly Income | $ 4,350.00 |
| B. Total projected monthly expenses | $ 3,500.00 |
| C. Excess Income (A minus B) | $ 850.00 |
| D. Total amount to be paid into plan each:        _Monthly_ | $ 850.00 |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re  *Gustave Andrew Thanos and Kathleen Marie Thanos*

Case No.

Chapter  *13*

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages on each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A-Real Property | *Yes* | *1* | $  *210,000.00* | | |
| B-Personal Property | *Yes* | *3* | $  *18,925.00* | | |
| C-Property Claimed as Exempt | *Yes* | *1* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *1* | | $  *116,000.00* | |
| E-Creditors Holding Unsecured Priority Claims | *Yes* | *1* | | $  *0.00* | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *5* | | $  *76,070.00* | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *1* | | | $  *4,350.00* |
| J-Current Expenditures of Individual Debtor(s) | *Yes* | *1* | | | $  *3,500.00* |
| Total Number of Sheets in All Schedules ▶ | | *16* | | | |
| Total Assets ▶ | | | $  *228,925.00* | | |
| Total Liabilities ▶ | | | | $  *192,070.00* | |

In re *Gustave Andrew Thanos and Kathleen Marie Thanos* _____ / Debtor    Case No. _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of  ___17___  sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: *7/29/2005* _____    Signature *_/s/ Gustave Andrew Thanos_* _____
                                           *Gustave Andrew Thanos*

Date: *7/29/2005* _____    Signature *_/s/ Kathleen Marie Thanos_* _____
                                           *Kathleen Marie Thanos*

Form 7 (12/03)  West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Gustave Andrew Thanos*
    *and*
    *Kathleen Marie Thanos*

Case No.
Chapter  *13*

_____/ Debtor

### STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

## 1. Income from employment or operation of business.

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT | SOURCE (if more than one)
---|---
*Year to date:4350/month* | *Employment*
  *Last Year:48,000* |
*Year before:45,000* |

## 2. Income other than from employment or operation of business.

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 3. Payments to creditors.

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

Statement of Affairs - Page 1

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments.

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *US First Star* | *Breach of Contract* | *Circuit Court of Cook County, IL* | *pending* |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

### 5. Repossessions, foreclosures and returns.

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

### 6. Assignments and receiverships.

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

### 7. Gifts.

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.(Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

### 8. Losses.

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

### 9. Payments related to debt counseling or bankruptcy.

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: Joseph J. Cardinal* *Address:* *3960 W 95th Street* *Floor 2* *Evergreen Park, IL 60805* | *Date of Payment:6/2005* *Payor:K Thanos* | *$1250.00* *$750 in plan* |

### 10. Other transfers.

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

### 11. Closed financial accounts.

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

☒ NONE

### 12. Safe deposit boxes.

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

### 13. Setoffs.

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

### 14. Property held for another person.

List all property owned by another person that the debtor holds or controls.

☒ NONE

### 15. Prior address of debtor.

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

☒ NONE

## 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

☒ NONE

## 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, release of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under and Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

☒ NONE

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

☒ NONE

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

☒ NONE

## 18. Nature, location and name of business

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencment of this case.

☒ NONE

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

☒ NONE

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of Perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date _7/29/2005_____   Signature _/s/ Gustave Andrew Thanos_____
                                       Gustave Andrew Thanos


Date _7/29/2005_____   Signature _/s/ Kathleen Marie Thanos_____
                                       Kathleen Marie Thanos

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. § 152 and § 3571.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

In re: Debtor(s)

*SUSTAVE Thanos*
*Kathleen M. Thanos*

Case No.
Hearing Date:

ATTORNEY'S APPLICATION FOR COMPENSATION FOR REPRESENTING CHAPTER 13 DEBTOR(S)

The undersigned attorney seeks compensation pursuant to 11 U.S.C. §330(a)(4)(B) for representing the interests of the debtor(s) in this case.

**Use of Model Retention Agreement:** ☒ The attorney and the debtor(s) have entered into the Court's Model Retention Agreement, using ☒ Option A (flat fee for services through confirmation)
☐ Option B (flat fee for services through case closing).
☐ The attorney and the debtor(s) have not entered into the Court's Model Retention Agreement.

**Fees in prior case(s):** ☒ The attorney has not represented the debtor(s) in any prior bankruptcy case.
☐ The attorney has represented the debtor(s) in prior bankruptcy cases as follows:
Case no. _____ Chapter ___ Plan confirmed? ☐ Yes ☐ No  Fees received  $ _____
Case no. _____ Chapter ___ Plan confirmed? ☐ Yes ☐ No  Fees received  $ _____
Case no. _____ Chapter ___ Plan confirmed? ☐ Yes ☐ No  Fees received  $ _____

**Fees sought in present case:**
☒ $ *1250* for services through plan confirmation.
☐ $ _____ for services through case closing.
☐ $ _____ for services after plan confirmation.

**Expense reimbursement:** ☒ $ *194* for filing fee.
☐ $ _____ for _____
Total reimbursement requested: $ *1414*

**Payment received directly from debtor:** ☐ None  ☒ $ *694*

**Compensation previously awarded:** ☒ None
☐ a total of $ _____ pursuant to order(s) entered on the following dates:
_____

**Plan payments:** $ *850* for _____ months.

**Secured debt:** ☐ None  ☐ home mortgage(s) in default  ☒ motor vehicle loans
☐ Other: _____

**Unsecured debt:** _____ No. of claims: *16*  Total amount: *26,670*
To be paid under plan *100* %

**Professional time expended:** _____ *7* attorney hours; *2.5* paraprofessional hours.

**Itemization of time:** ☒ Not Submitted  ☐ Attached to this application.

**Hourly rates:** $ *150* attorney; $ *75* paraprofessional.

**Date of Application:** *8-31-05*

Attorney's signature: _____  *312624*
[Typed name, Bar ID]  *JOSEPH CARDINAL*
[Firm name, address, phone #]  *3960 W 95ST*
*Evergreen Park, IL*
*60805   708  423-5835*

Form No. 23, revised 07/12/04

02/03/04 rev.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:

*GUSTAVE THANOJ*

*KATHLEEN THANOS*

Case No.

Judge:

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Model Retention Agreement)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to expect certain services to be performed by their attorneys, but again, debtors have responsibilities to their attorneys also. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

### *BEFORE THE CASE IS FILED*

#### THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

#### THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

*AFTER THE CASE IS FILED*

THE DEBTOR AGREES TO.

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (on time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or infeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case before the bankruptcy court.

ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES *[Check one option ]*

☑ Option A: flat fee through confirmation.

☐ Option B: flat fee through case closing

1a. *Pre-confirmation services.* Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case, unless otherwise ordered by the court. For all of the services outlined above, required to be provided before confirmation of a plan, the attorney will be paid a fee of $ _1250_. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for pre-confirmation services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of $ _____ . In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

1b. *Post-confirmation services.* Compensation for services required after confirmation will be in such amounts as are allowed by the court, on application accompanied by an itemization of the services rendered, showing the date, time, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified that the debtor may appear in court to object.

2. *Early termination of the case.* Fees payable under the provisions set out above are not refundable in the event that the case is dismissed before confirmation (Option A) or completion of plan payments (Option B), unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If a dismissal is due to such a failure by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

4. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

5. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw or from the case.

6. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

Date: _____8-31-05_____

**Total fee to be paid for attorney's
services: $ ____12.50____
(Do not sign if this line is blank.)**

Signed:

_____

_____
Debtor(s)

_____
Attorney for Debtor(s)

Made File
doc. 09/13/2004

Tender: ___ Marshall     Mover ___
___ Scharst             ___ Vought

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re: *ANDREW GUSTAVE THANOS*     ) Case No. ___ B___ ___
                                   )
*KATHLEEN MARIE THANOS*            ) ☒ Original Chapter 13 Plan
                                   )
Debtors.                           ) ☐ Modified Chapter 13 Plan, dated ___

☐ A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**A. Budget items**

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is __4__; (b) their ages are *46, 44, 22, 14*; (c) total household monthly income is $ *4350* ; and (d) total monthly household expenses are $ *3500* , leaving monthly disposable income of $ *850* .

2. The debtor's Schedule J includes $ *0* for charitable contributions; the debtor represents that the debtor made substantially similar contributions for *12* months prior to filing this case.

**B. General provisions**

1. The debtor assumes all unexpired leases and executory contracts identified in the debtor's Schedule G.

2. The rights of holders of claims secured by a mortgage on real property of the debtor, proposed to be cured in Paragraph 4 of Section E of this plan, including the right to reinstatement for costs of collection and other payment obligations of the debtor accruing after the filing of this bankruptcy case, shall be modified only to the following extent:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 4 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Postpetition defaults.* Within 30 days of issuing the final payment of the cure amount specified in Paragraph 4 of Section E, the standing trustee shall serve upon the holder, the debtor, and any attorney for the debtor a notice stating (1) that the cure amount has been paid, satisfying all prepetition mortgage obligations of the debtor, (2) that the holder is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of postpetition obligations, (3) that if the debtor has failed to make timely payments of any postpetition obligations, the holder is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the holder fails to file and serve a statement of outstanding obligations within the required time, the holder is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice, and (5) that if the holder does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the holder and the standing trustee, with the court resolving the challenge as a contested matter, or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the holder to collect these amounts will be unaffected. No liability shall result from any nonwillful failure of the trustee to serve the notice required by this subparagraph.

(c) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 4 of Section E

may be added to that cure amount pursuant to order of the court on motion of the holder. Otherwise, any such costs of collection shall be claimed pursuant to subparagraph (b) above.

3. The holder of any claim secured by property of the estate, other than a mortgage treated in Section C or in Paragraph 3 of Section E, shall retain the lien until receipt of all payments provided for by this plan on account of the claim, including payments on account of any unsecured portion of the claim, *and* until receipt of all payments provided for by this plan on account of the portion of the claim that is a secured claim under 11 U.S.C. § 506(a), at which time the lien shall terminate and be released by the creditor.

4. Within 14 days of a request by the trustee, the debtor shall provide (a) copies of any tax returns filed during the pendency of this case, and (b) a copy of the debtor's current wage statement.

5. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**C. Direct payment of claims by debtor**

☐ The debtor will make no direct payments to creditors holding prepetition claims. *and*

☒ The debtor will make current monthly payments, as listed in the debtor's Schedule J—increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters—directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: _Charter One Mortgage_____ monthly payment, $ _1125___

Creditor: _____ monthly payment, $ _____

*If the box is ☐ checked, additional direct mortgage payments are listed on the overflow page.*

**D. Payments by debtor to the trustee**

1. Initial plan term. The debtor will pay to the trustee $ _850___ monthly for _60_ months [and $ _____ monthly for an additional ___ months], for total payments during the initial plan term of $ _51010_. (Enter this amount on Line 7 of Section R.)

2. Adjustments to initial term. (a) If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments. (b) The plan will conclude, prior to the end of the initial term, at such times as all allowed claims are paid in full, with any interest required by the plan.

**E. Disbursements by the trustee**

The trustee shall disburse payments received from the debtor under this plan as follows:

1. Trustee's fees. Payable monthly, as authorized, estimated at ____ ___% of plan payments, and during the initial plan term, totaling $ ___ __ ___. [Enter this amount on Line 26 of Section H.]

2. Priority claims of debtor's attorney. Payable in amounts allowed by court order, in installments. Installment payments shall be made as follows: up to the allowed amount, in installments. Payments are ordered by the court: an initial installment of one-half of the funds held by the trustee at the time the trustee receives the order allowing fees (not including amounts for current mortgage payments) and subsequent monthly installments of one-half of the regular monthly payment of the debtor (not including current mortgage payments). The total claim of debtor's attorney is estimated to be $ _750___. [Enter this amount on Line 26 of Section H.]

3. Current mortgage payments. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the

2

debtor of any such change at least 7 days before putting the change into effect:

(a) To creditor_____, monthly payments of $_____. These payments, over the term of the plan, are estimated to total $_____.

(b) To creditor_____, monthly payments of $_____. These payments, over the term of the plan, are estimated to total $_____.

If this box ☐ is checked, additional current mortgage payments are listed on the overflow page. The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $_____. [Enter this amount on Line 2c of Section H.]

4. Mortgage arrears. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor_____, arrears of $_____, payable monthly upon rata with payments on secured claims or ☐ in fixed installments of $_____; and payable ☐ without interest or ☐ with interest at an annual percentage rate of _____%.
     These arrearage payments, over the term of the plan, are estimated to total $_____.

(b) To creditor_____, arrears of $_____, payable monthly upon rata with payments on secured claims or ☐ in fixed installments of $_____; and payable ☐ without interest or ☐ with interest at an annual percentage rate of _____%.
     These arrearage payments, over the term of the plan, are estimated to total $_____.

If this box ☐ is checked, additional direct mortgage arrearage payments are listed on the overflow page. The total of all mortgage arrearage payments to be made by the trustee under the plan is estimated to be $_____. [Enter this amount on Line 2d of Section H.]

5. Other secured claims. All secured claims, other than mortgage claims treated above, are to be paid in full during the plan term, with interest at an annual percentage rate specified below in the amounts stated (subject to reduction either with the consent of the creditor or by court order, implemented as for reductions of mortgage arrears), regardless of contrary proofs of claim, in monthly installments, pro rata, but with fixed monthly payments if so specified (by a check mark and payment amount):

(a) Creditor: ___GMAC_____ Collateral: ___CAR_____
Amount of secured claim $ 5600 APR   7  % · Fixed monthly payment $ _____;
Total estimated payments, including interest, on the claim: $ ___5800____.

(b) Creditor: _____ Collateral: _____
Amount of secured claim $_____ APR _____ % · Fixed monthly payment $_____;
Total estimated payments, including interest, on the claim: $_____.

If this box ☐ is checked, additional secured claims are listed on the overflow page. [All claims on the debtor's Schedule D, other than mortgages treated above, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $_____. [Enter this amount on Line 2e of Section H.]

6. Allowed priority claims other than those of the debtor's attorney. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $_____. [Enter this amount on Line 2f of Section H.]

3

7. Specially classified unsecured claim. A special class consisting of the following non-priority unsecured claims: _____ of the allowed amount. The total of all payments to this special class is estimated to be $ _____ ___% [Enter this amount on Line 2g of Section E].

Reason for the special class: _____

8. General unsecured claims (GUCs). All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☒ in full, or, if to the extent possible from the payments set out in Section D, but not less than _____% of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.]

9. Interest. Interest ☒ shall / not be paid on unsecured claims [or: interest □ shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of _____ %. [Complete Line 4d of Section H to reflect interest payable.]

**F.**
**Priority**

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority: (1) trustee's authorized percentage fee; (2) priority claims of the debtor's attorney; (3) secured claims paid in fixed monthly installments (pro rata in the event of an insufficiency); (4) secured claims not paid in fixed installments; (5) priority claims other than those of the debtor's attorney; (6) specially classified nonpriority unsecured claims; and (7) general unsecured claims.

**G.**
**Special**
**terms**

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**H.**
**Sum-**
**mary of**
**payments**
**to and**
**from the**
**trustee**

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)    $ 51,000

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims)
    (a) Trustee's Fees    $ 5100
    (b) Priority payments to debtor's attorney    $ 750
    (c) Current mortgage payments    $ _____
    (d) Payments of mortgage arrears    $ _____
    (e) Payments of other allowed secured claims    $ 5800
    (f) Payments of non-attorney priority claims    $ _____
    (g) Payments of specially classified unsecured claims    $ _____
    (h) Total [add Lines 2a through 2g]    $ 11,650

(3) Estimated payments available for GUCs and interest during initial plan term [subtract Line 2h from Line 1]    $ 39,350

(4) Estimated payments required after initial plan term:
    (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)    $ 40,433
    (b) Minimum GUC payment percentage    100 %
    (c) Estimated minimum GUC payment [multiply line 4a by line 4b]    $ 40,433
    (d) Estimated interest payments on unsecured claims    $ 0
    (e) Total of GUC and interest payments [add Lines 4c and 4d]    $ 40,433
    (f) Payments available during initial term [enter Line 3]    $ 39,350
    (g) Additional payments required [subtract Line 4f from line 4e]    $ 1083

4

(5: Additional payments available
   (a) Debtor's monthly payment less trustee's fees and
     current mortgage payments made by the trustee    $_____ __

   (b) Months in maximum plan term after initial term
   (c) Payments available *[multiply line 5a by line 5b]*     _____ __  $_____

**Signatures:**

Debtor _____ Date 7/29/2005

Debtor _____ Date 7/29/2005

Debtor's Attorney _____ Date 7-29-05

Attorney
Information (name,
address, telephone,
etc.)

JOSEPH CARDINAL, Atty
3960 W 95 St, Flr 2
Evergreen Park IL 60805
F 708 423 3871
T 708 423 2838

**Special Terms** *[as provided in Paragraph G]*

5

## Overflow Page [*Attach out, if necessary*]

**C.**
**Direct**
**payment**
**of claims**
**by debtor**

Creditor: _____ ____ ____ ____ ____ ____, monthly payments, $ _____
Creditor: _____ ____ ____ ____ ____ ____, monthly payment, $ _____
Creditor: _____ ____ ____ ____ ____ ____, monthly payment, $ _____

**E.**
**Disburse-**
**ments by**
**the**
**trustee**

**3. Current mortgage payments.**

(a) To creditor  *Bank One* _____ ____, monthly payments of $ *300*
These payments, over the term of the plan, are estimated to total $ _____
(d) To creditor _____ ____ ____ ____, monthly payments of $ _____
These payments, over the term of the plan, are estimated to total $ _____
(e) To creditor _____ ____ ____ ____, monthly payments of $ _____
These payments, over the term of the plan, are estimated to total $ _____

**4. Mortgage arrears.**

(c) To creditor _____ ____ ____, arrears of $ _____, payable monthly
☐ pro rata with payments on secured claims *[or]* ☐ in fixed installments of $ _____
and payable ☐ without interest *[or]* ☐ with interest at an annual percentage rate of _____ %.
These arrearage payments, over the term of the plan, are estimated to total $ _____

(d) To creditor _____ ____ ____, arrears of $ _____, payable monthly
☐ pro rata with payments on secured claims *[or]* ☐ in fixed installments of $ _____
and payable ☐ without interest *[or]* ☐ with interest at an annual percentage rate of _____ %.
These arrearage payments, over the term of the plan, are estimated to total $ _____

(e) To creditor _____ ____ ____, arrears of $ _____, payable monthly
☐ pro rata with payments on secured claims *[or]* ☐ in fixed installments of $ _____
and payable ☐ without interest *[or]* ☐ with interest at an annual percentage rate of _____ %.
These arrearage payments, over the term of the plan, are estimated to total $ _____

**5. Other secured claims.**

(c) Creditor: _____ ____ ____ Collateral: ____ ____ ____
Amount of secured claim: $ _____ APR _____ % ☐ Fixed monthly payment: $ _____
Total estimated payments, including interest, on the claim: $ _____
(d) Creditor: _____ ____ ____ Collateral: ____ ____ ____
Amount of secured claim: $ _____ APR _____ % ☐ Fixed monthly payment: $ _____
Total estimated payments, including interest, on the claim: $ _____
(e) Creditor: _____ ____ ____ Collateral: ____ ____ ____
Amount of secured claim: $ _____ APR _____ % ☐ Fixed monthly payment: $ _____
Total estimated payments, including interest, on the claim: $ _____
(f) Creditor: _____ ____ ____ Collateral: ____ ____ ____
Amount of secured claim: $ _____ APR _____ % ☐ Fixed monthly payment: $ _____
Total estimated payments, including interest, on the claim: $ _____
(g) Creditor: _____ ____ ____ Collateral: ____ ____ ____
Amount of secured claim: $ _____ APR _____ % ☐ Fixed monthly payment: $ _____
Total estimated payments, including interest, on the claim: $ _____

6

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law once you have decided to file a petition with the court. Court employees are prohibited from giving you legal advice.

**Chapter 7: Liquidation ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)**

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including most fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

**Chapter 11: Reorganization ($800 filing fee plus $39 administrative fee)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a Chapter 11 petition should be reviewed by an attorney.

**Chapter 12: Family Farmer ($200 filing fee plus $39 administrative fee)**

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

_____     _____     _____
Debtor's Signature                         Date              Case Number

Form B?? (Official Form ??)
(3/05)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

### STATEMENT OF SOCIAL SECURITY NUMBER(S)

1. Name of Debtor (enter Last, First, Middle): _Kathleen Marie Thanos_

*Andrew Gustave Thanos*

*(Check the appropriate box and, if applicable, provide the required information.)*

☐ Debtor Social Security Number is:   _361 - 62 - 1619_   __

☐ Debtor does not have a Social Security Number.

2. Name of Joint Debtor (enter Last, First, Middle): _____

*(Check the appropriate box and, if applicable, provide the required information.)*

☐ Joint Debtor Social Security Number is:   _345 - 60 - 4297_

☐ Joint Debtor does not have a Social Security Number.

I declare under penalty of perjury that the foregoing is true and correct.

x _____         _7/29/2005_
    Signature of Debtor                      Date

x _____         _7 / 29 / 05_
    Signature of Joint Debtor                 Date

*Joint debtors must Provide information for both spouses.*
Penalty for making a false statement: Fine of up to $250,000 or up to five years imprisonment or both. 18 U.S.C. Sections
152 and 3571.

The SOFWARE BATTERED GROUP Rochester NY

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re  Gustave Andrew Thanos
       and
       Kathleen Marie Thanos

Case No.
Chapter 13

: Debtor

Attorney for Debtor  Joseph J. Cardinal

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1.  The undersigned is the attorney for the debtor(s) in this case.

2.  The compensation paid or agreed to be paid by the debtor(s), to the undersigned is.
    a) For legal services rendered or to be rendered in contemplation of and in
       connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ 1,250.00
    b) Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . . $ _____ 1,250.00
    c) The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ 0.00

3.  $ _____ 194.00 _____ of the filing fee in this case has been paid.

4.  The Services rendered or to be rendered include the following:
    a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to
       file a petition under title 11 of the United States Code.
    b) Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the
       court.
    c) Representation of the debtor(s) at the meeting of creditors.

5.  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
    services performed, and
       None other

6.  The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will
    be from earnings, wages and compensation for services performed, and
       None other

7.  The undersigned has received no transfer, assignment, or pledge of property from debtor(s) except the following for
    the value stated:
       None

8   The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's
    law firm, any compensation paid or to be paid except as follows:
       None

Dated 7/29/2005                          Respectfully submitted.

                                         x
Attorney for Petitioner  Joseph J. Cardinal
                         Joseph J Cardinal
                         3360 W 95th Street
                         Floor 2
                         Evergreen Park IL  60805